Sarah D'ANGELO, individually and on behalf of all others similarly situated; Rodney E. Gibson, individually and on behalf of all others similarly situated; Bryce Floch, individually and on behalf of all others similarly situated, Plaintiffs—Appellants,

v.

Richard A. CROFTS; E. Edwin Eck; Philip T. Bain; Bonnie Ashley; Charles A. Nelson; Marlene Bumbeck, Defendants—Appellees.

No. 02–35811.

D.C. No. CV–02–00016.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2003.

Decided April 11, 2003.

Before REINHARDT, W. FLETCHER and GOULD, Circuit Judges.

MEMORANDUM *

1. For the reasons stated in our disposition in the companion case, *Young v. Crofts,* No. 01–35998, 2003 WL 1875504, we reverse the district court's ruling that all named plaintiffs other than Gibson lacked standing on the ground, stated by the district court, that they did not formally apply for residency.

2. Based on our ruling in *Young,* the statute of limitations question presented in this appeal may now be moot, for plaintiff Gibson will likely be able to participate as a class member or a named plaintiff in the *Young* suit. If Gibson is able to obtain the same relief in the *Young* action, he will not be adversely affected by his inability to participate in this action. Whether the statute of limitations affects Gibson will depend in part on whether, and in what manner, the district court combines the two actions. We therefore decline to address the statute of limitations issue at this time.

3. The district judge did not abuse his discretion by refusing to recuse himself in this case.

REVERSED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.